**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4168**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

TRAVIS SHONTA ALLEN, a/k/a Bushwick,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever, III,
Chief District Judge.   (5:10-cr-00144-D-1)

Submitted:  October 1, 2015          Decided:  October 13, 2015

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Thomas G. Walker, United States Attorney, Jennifer P.
May-Parker,  Kristine  L.  Fritz,  Assistant  United  States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Shonta Allen pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a) (2012). The district court sentenced Allen to 51 months of imprisonment, followed by 3 years of supervised release. Following Allen's release from incarceration, he incurred several state charges for drug distribution and firearm possession. The district court revoked his supervised release and sentenced Allen to 24 months of imprisonment, and he now appeals. Finding no error, we affirm.

On appeal, Allen argues that the sentence is plainly substantively unreasonable. We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence is unreasonable; in making this determination, we generally follow the procedural and substantive considerations employed in reviewing original sentences, subject to some modifications. Id. at 438. Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory factors, "the court ultimately has broad discretion to revoke its previous sentence and impose a term of

2

imprisonment up to the statutory maximum." Id. at 439 (internal quotation marks omitted).

If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis—whether the sentence is plainly unreasonable. Id. We have reviewed the record and conclude that Allen has failed to demonstrate that the sentence is substantively unreasonable. It follows, therefore, that the sentence is not plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

3